514

THE PEOPLE OF THE STATE OF NEW YORK v. JOHN J. RYFF.— Motion for resettlement granted to the extent of deleting from the order of this court entered on November 21, 1967 [28 A D 2d 1112] the words "on the facts". Submit resettled order. Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McGivern, JJ.

(May 14, 1968)

POP-OP CORPORATION, Doing Business as CHEETAH, Respondent, v. NATHAN GOLDMAN, Doing Business as NAMAN RAINWEAR, et al., Appellants.— Order entered September 13, 1967, unanimously affirmed, with $15 costs and disbursements to respondent. No opinion. Order entered November 6, 1967 unanimously affirmed, with $15 costs and disbursements to respondent. Defendants are directed to produce the required documents for discovery and inspection within 10 days after service of a copy of the order hereon with notice of entry. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Bastow, JJ.

STACEY HARDWARE & ELECTRIC SUPPLIES, INC., Respondent, v. FIDELIS FACTORS CORPORATION, FIDELITY FACTORS DIVISION, Appellant.— Order entered February 1, 1968, unanimously reversed on the law, on the facts and in the exercise of discretion, without costs and without disbursements to either party, and action remanded to the Justice at Special Term who made the order for reconsideration of plaintiff's application for the relief sought in order to show cause of October 3, 1967. By order dated July 24, 1967 defendant, among other things, was enjoined from taking any moneys or property of the plaintiff pending trial of the action and plaintiff was directed to file a surety bond to indemnify defendant for any amount that might be found to be due defendant following trial. The bond as eventually filed did not comply with this provision of the order but was limited to such damage as defendant might sustain "by reason of the injunction." By further order of September 15, 1967 defendant was directed to deliver certain checks and money to plaintiff. Thereafter, by show cause order of October 3, 1967, plaintiff sought to hold defendant in contempt for failure to comply with the described orders of July 24 and September 15, 1967 and to strike defendant's answer. This application was considered by Special Term as one for reargument of a previously denied motion and was denied by order entered November 17, 1967. Some 11 weeks later, plaintiff submitted to the court the long-form order appealed from and gave defendant notice of settlement thereof. The order was signed without memorandum, decision or other explanation. This unorthodox procedure was highly irregular (cf. Rules of the Supreme Court of New York and Bronx Counties, rule VIII, subd. 1, par. [f]). Moreover, the order was otherwise defective. It improperly vacated and discharged the heretofore described surety bond; directed again delivery to plaintiff by defendant of the moneys within 24 hours and imposed a fine of $25 for each day that defendant failed to comply with such direction. Thereby, the court in effect directed a course of conduct by defendant and simultaneously imposed a penalty for failure to comply with the direction in complete disregard of the statutory requirments (Judiciary Law, §§ 753, 757, 770) that such punishment may be inflicted only after a finding of a civil contempt. There should be a re-examination by Special Term of the issues presented and a new decision made. Plaintiff should be required to furnish a proper bond. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Bastow, JJ.